# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Corey S. Presley, PLAINTIFF(S) v. Statewide Auto Sales, et al., DEFENDANT(S) | CASE NUMBER 2:25-cv-10364-CV-MBK |
| | **ORDER ON REQUESTS TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)** |

The Court has reviewed the Requests to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with them. Dkts. 3, 9, 10, 21, 22, 23. On the question of indigency, the Court finds that the party who filed the Requests:

☐ is not able to pay the filing fees. ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Requests are GRANTED.

☐ Ruling on the Requests are POSTPONED for 30 days so that the filer may provide additional information.

☐ The Requests are DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Requests are DENIED because:

- ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
- ☒ The action is frivolous or malicious.
- ☒ The action fails to state a claim upon which relief may be granted.
- ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, this case is hereby DISMISSED WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

3/10/26
Date

Cynthia Valenzuela
United States District Judge

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998) (quotation omitted). "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Levine*, 415 U.S. 528, 536 (1974) (internal citations and quotation marks omitted). When a claim is not substantial, it is "so patently without merit that the claim requires no meaningful consideration." *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 975 (9th Cir. 2019).

Plaintiff alleges that the Defendant, an automobile seller and financier, failed to repair his car as contractually agreed, improperly repossessed it three times, and continues to demand payment. Dkt. 1.

The Court takes notice of its own files notes that Plaintiff filed substantially similar actions in *Presley v. Statewide*, No. 2:25-cv-02655-JAK-DFM (Mar. 27, 2025) and *Presley v. Statewide*, No. CV 25-6493 AB (JC) (C.D. Cal. July 22, 2025). Indeed, Plaintiff admits that the instant action "involve[s] substantially the same parties, transactions, underlying facts, and legal claims" as his previous two actions. Dkt. 1 at 5. Notably, both actions were dismissed without leave to amend and with prejudice because they were frivolous and malicious, and the latter action was additionally dismissed as barred by res judicata and for lack of subject matter jurisdiction. *Id.*

The Court therefore reaches a similar conclusion and dismisses this case as frivolous and malicious, for lack of subject matter jurisdiction, as duplicative of the previous lawsuits, and for failure to state a cognizable federal claim for relief. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (complaint repeating same allegations asserted in earlier case, even if filed against new defendants, is subject to dismissal as duplicative); *Dinneen v. Williams*, 219 F.2d 428, 430 n.8 (9th Cir. 1955) ("Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction."); *Ha v. Provident Credit Union*, 2024 WL 4627117, at *2 (N.D. Cal. Jan. 10, 2024) (no federal question raised by allegedly wrongful repossession of car); *Enwere v. Grant*, No. 13-CV-05471-JCS, 2014 WL 262149, at *2 (N.D. Cal. Jan. 23, 2014) ("Claims for fraud, breach of contract and unlawful repossession arise under state law, not federal law" and therefore "fail[] to establish federal-question jurisdiction.").

Accordingly, the action is **DISMISSED** without leave to amend and with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (en banc) ("[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend"); *Smith v. State of Cal.*, 336 F.2d 530, 534 (9th Cir. 1964) (amendment would be futile where the litigant "does not suggest to us any respect in which the complaint could be amended to state a substantial federal question," and we are "unable to imagine any"); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (holding that the "requirement that a plaintiff be given an opportunity to amend does not apply to sua sponte dismissals" under *Hagans*); *Cruz v. Savoie*, 2022 WL 3704132, at *2 (E.D. Cal. Aug. 26, 2022) (further amendment futile where defect of action is duplicity).

In light of this dismissal, the Requests are **DENIED** (Dkts. 3, 9, 10, 21, 22, 23), and all other pending matters are **TERMINATED**.

No further duplicative action shall be filed in this Court.

(*attach additional pages if necessary*)